UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:10-cv-81579-KAM

IN THE MATTER OF OFFSHORE OF
PALM BEACHES, INC., a Florida Corporation
d/b/a Freedom Boat Club, as owner *pro hac
vice* of a 20' Century Center Console Outboard
Motor Boat for Exoneration from or Limitation
on Liability.

vs.

CHERYL GRIFFIN,

        Claimant,

_____/

## CLAIMANT CHERYL GRIFFIN'S MOTION TO DISMISS AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Claimant CHERYL GRIFFIN ("Griffin"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Supplemental Rules A & F, moves this Court for entry of an order dismissing the Amended Complaint for Exoneration from or Limitation of Liability [D.E. 1] for failure to state a claim upon which relief may be granted. Specifically, OFFSHORE OF THE PALM BEACHS, INC. d/b/a "Freedom Boat Club" ("Offshore") has failed to plead any fact demonstrating its standing to seek limitation or exoneration as an "owner *pro hac vice*." As grounds for this motion, Griffin states as follows:

### INTRODUCTION and BACKGROUND

This case arises out of a boating accident that occurred on June 12, 2010 on the Intracoastal Waterway in Palm Beach County. At the time, the boat was allegedly driven by Cheryl Griffin who, according to the Amended Complaint, is or was a member of Offshore's "boat club." As a result of the accident, Griffin sustained personal injuries.

1

## THE LIMITATION ACT

Offshore seeks exoneration or limitation of its liability to Griffin and others damaged as a result of the accident pursuant to Chapter 305 of Title 46 of the United States Code, the so-called "Limitation Act." The Act permits an owner of a vessel to limit its liability for damages arising from an accident involving a vessel if the loss or damage occurred without the owner's privity or knowledge. 46 U.S.C. §§ 30501, 30506. The limitation provided by the Act is limited and available only to an "actual owner" or an "owner pro hac vice" of the vessel. E.g., In re Tourtellotte, 2010 WL 2723258, *1 (D.N.J. July 8, 2010). In this regard, pro hac vice ownership status typically is found only where the party seeking that status "shows that it has sufficient responsibility and autonomy over the vessel." Id. (quoting Norfolk Dredging Co. v. M/V A.V. Kastner, 264 F.Supp.2d 265, 267 (D.Md.2003)).

Here, Offshore claims entitlement to the protections of the Limitation Act as the *pro hac vice* owner, not the actual owner, of the vessel.[1] However, nothing in the Amended Complaint or attached exhibits supports that contention. The only allegation concerning Offshore's claim of *pro hac vice* ownership is set forth in Paragraph 4 of the Amended Complaint, which merely states that "...by virtue of written agreement entered into May 11, 2007 between Petitioner and David Counterman, title owner of the Century Outboard Motorboat, pursuant to which Petitioner leased and took full and unqualified possession of the boat in May of 2007, assumed full responsibilities for the boat's care, maintenance, insurance, costs, licensing and other expenses and, thereafter, had full

---

[1] Although Offshore does not identify the actual owner in its pleadings, public records indicate that the vessel is owned by David Counterman. Upon information and belief, Mr. Counterman has some kind of contractual relationship with Offshore by which Offshore d/b/a "Freedom Boat Club" rents his (and other) vessels to boat club members.

and unqualified rights for use and possession of the boat as owner *pro hac vice*, at all times, including in particular the day of the incident more fully described below. " As will be explained below, this bare bones conclusory allegation is insufficient as a matter of law to demonstrate Offshore's standing to seek limitation or exoneration under the Limitation Act.[2] Accordingly, the Complaint must be dismissed.

## DISCUSSION

It is well-settled that the Court can consider Rule 12 motions in a Limitation Act case before the filing of a claim, particularly where, as here, the potential claimants (like Griffin) already are known and appear on the face of the complaint.[3] In re Twenty Grand Offshore, Inc., 313 F.Supp. 851, 853-54 (S.D. Fla. 1970). Dismissal is appropriate "when a complaint contains simply 'a formulaic recitation of the elements of a cause of action.'" Potiker v. Gasiunasen Gallery, 2010 WL 2949943, *1 (S.D. Fla. July 26, 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Although the Court must view the complaint in the light most favorable to the non-moving party (Offshore) and accept all well pleaded facts as true at the motion to dismiss stage, "mere conclusory allegations are not entitled to be assumed as true upon a motion to dismiss." Id.

Here, Offshore has failed to attach the **written** lease agreement that gives rise to its allegations that it "assumed full responsibilities for the boats care, maintenance …and, thereafter, had full and unqualified rights for the use and possession of the boat as owner pro hac vice…." The party seeking limitation or exoneration bears the burden

---

[2] Burdeen contests Offshore's right to limit its liability or right to exoneration and, accordingly, reserves her right to file a Claim and Answer to the Complaint pursuant to Supplemental Rule F, and all of her rights under the Supplemental Rules should the Court deny her Motion to Dismiss.

of pleading facts establishing its entitlement to do so. E.g., I.E. Dupont De Nemours & Co. v. Bentley, 19 F.2d 354, 354 (2d Cir. 1927). This was the holding in In re Tourtellotte, 2010 WL 2723258 at *1, in which the District Court dismissed a Limitation Act complaint based on the very same pleading defect at issue here:

> The Complaint merely states that William Tourtellotte "was an owner pro hac vice of the [v]essel." (Compl. at 2.) It contains no allegations regarding William's responsibilities for and control over the vessel. The bare assertion of his status as pro hac vice is insufficient to survive this motion [to dismiss].

The holding in Tourtellotte is consistent with other District Court decisions dismissing Limitation Act complaints. See Norfolk Dredging, 264 F.Supp.2d at 267 (dismissing Limitation Act complaint for failing to plead allegations concerning the putative *pro hac vice* owner's responsibility and control); see also Chesapeake Shipping Co. v. Gleneagle Ship Mgmt. Co., 778 F.Supp. 153, 157 (S.D.N.Y. 1991). Offshore's contention that it is the owner pro hac vice derives from a **written** lease agreement yet it has not attached the very document that creates this alleged ownership in the subject boat. This document bears directly on Offshore's responsibilities for care and maintenance of the boat. For example, was Offshore's maintenance responsibilities limited only to service maintenance of the engine or did maintenance obligations extend to other aspects of the boat that would relate to the seaworthiness of the boat?

## CONCLUSION

Based on the foregoing, the Court should dismiss the Amended Complaint for Exoneration/ Limitation of Liability.

---

[3] Offshore identifies Burdeen as a potential claimant in Paragraph 8 of the Complaint. [D.E. 1 ¶ 8]

WHEREFORE, Claimant Griffin moves this Court for entry of an order dismissing the Amended Complaint for Exoneration/Limitation of Liability for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**Babbitt Johnson Osborne & LeClainche, P.A.**
Attorneys for Claimant
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Phone: (561) 684-2500
Fax: (561) 684-6308

By:  /s/ Joseph R. Johnson
Joseph R. Johnson, Esquire
Florida Bar No.: 372250
Email: jjohnson@babbitt-johnson.com
mwalsh@babbitt-johnson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 4, 2011**, I electronically filed the foregoing with the Clerk of Court using CM/BCF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/BCF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**John A. Turner, Esq.**
jaturner@arnstein.com
Arnstein & Lehr, LLP
Northbridge Centre, Suite 600
515 North Flagler Drive
West Palm Beach, Florida 33401
Telephone:  (561) 833-9800
Facsimile:   (561) 655-5551
[served via CM/ECF]

**William P. Shroeder**
wschroeder@smbplaw.com
**Todd M. Powers**
Tpowers@smbplaw.com
Shroeder Maundrell Barbiere & Powers
5300 Socialville Foster Road, Suite 200
Mason, OH 45040
Telephone:  (513) 583-4200
Facsimile:   (513) 583-4203
(served via U.S. Mail)

**Philip L. Valente, Esquire**
Silber Valente & Davis
1806 Old Okeechobee Road
West Palm Beach, FL 33409
Telephone:  (561) 615-6200
[served via U.S. Mail]